WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Signal Corporation,<br><br>                 Plaintiff,<br><br>vs.<br><br>Sean Heieck,<br><br>                 Defendant. | No. CV-18-08350-PCT-SPL<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss, Stay or Transfer Under the "First-Filed" Rule, to Dismiss for Improper Venue Under Rule 12(b)(3), and/or Transfer Under 28 U.S.C. § 1404 (the "Motion") (Doc. 13).[1] The Motion was fully briefed on February 26, 2019. (Docs. 18, 19) The Court's ruling is as follows.

**I.  Background**

The Plaintiff initiated this action alleging causes of action against its former employee, the Defendant, for breach of a non-competition agreement. (Doc. 1) During the Defendant's employment with the Plaintiff, he acted as the Regional Sales Manager for the western region, overseeing salespeople in California, Nevada, Arizona, and many other states. (Doc. 13 at 3) On November 23, 2018, the Defendant resigned from his position with the Plaintiff and started a new position with a competitor of the Plaintiff. (Doc. 13 at

---

[1] The Court has considered the parties' briefs and finds that oral argument would not assist in resolving this matter. Accordingly, the pending motion is suitable for decision without oral argument. LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

4) The Defendant alleges that he has been a California resident his entire life, even though he owns vacation properties in Arizona. (Doc. 13 at 10)

On December 11, 2018, the Plaintiff initiated this action in the District of Arizona alleging that the Defendant was a resident of Arizona during the time he participated in the actions giving rise to this lawsuit. (Doc. 1; Doc. 18 at 10) The Defendant moves to dismiss this case for improper venue because he is not a resident of Arizona. (Doc. 13)

## II. Motion to Dismiss for Improper Venue

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move for dismissal of an action that has been brought in an improper venue. If venue is improper, the Court must either dismiss the case or, "if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."[2] 28 U.S.C. § 1406(a). The Defendant seeks dismissal of this case, asserting that venue is not proper in the District of Arizona. An action may be brought in any venue in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Once a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. *See Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

The Defendant argues that venue is improper in this district because he does not

---
[2] The general preference is for the case to be transferred instead of dismissed. *Kewlmetal Inc. v. Bike Builders Bible, Inc.*, 2015 WL 8758065, at 1 (D. Ariz. Dec. 15, 2015).

2

reside in the District of Arizona. Pursuant to 28 U.S.C. §1391, a person resides in the judicial district in which he or she is domiciled. 28 U.S.C. § 1391. A person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). It is well settled that domicile is determined at the time the lawsuit is initiated. *Id*. at 750.

The Defendant argues that he was domiciled in California at the time this lawsuit was filed, as evidenced by his primary residence in Brea, California, along with his primary bank account and state identification maintained in California. (Doc. 13 at 10) In response, the Plaintiff argues that the Defendant is domiciled in Arizona because the Defendant owns real estate in Arizona and the Defendant's tax forms, presumably completed while he was employed by the Plaintiff, listed a home address in Arizona. (Doc. 18 at 2) The Court finds that the Defendant was domiciled in California at the time the lawsuit was filed. The Defendant argues, and the Plaintiff does not dispute, that at the time that this action was initiated, the Defendant resided in California. (Doc. 18 at 3) Furthermore, the Court finds that all of the Plaintiff's factual allegations regarding the Defendant's residence in Arizona rely on past indications of domicile related to the Defendants "8+ year period of employment" with the Plaintiff. However, it is undisputed that the Defendant resigned from his position with the Plaintiff and started new employment, which required him to relocate to California, prior to the filing of this lawsuit. (Doc. 18 at 1; Doc. 13 at 4) Accordingly, the Court finds that the Defendant was domiciled in California for the purpose of determining the proper venue for this case.

The Defendant also argues that venue is improper in this district because "a substantial part of the events or omissions giving rise to the claim" did not occur in the District of Arizona. 28 U.S.C. § 1391(b)(2); (Doc. 13 at 9). The Court notes that the complaint states that venue is proper "because Defendant resides in this district and is subject to this Court's personal jurisdiction" and does not mention that a substantial part of the events giving rise to the claim occurred in the District of Arizona. (Doc. 1 at 2) The

Plaintiff does not fully address this issue in its response to the Motion. Therefore, the Court finds that venue is not proper in the District of Arizona on this basis. Finally, the Defendant argues that venue is proper in the Central District of California; thus, 28 U.S.C. § 1391(b)(3) does not allow venue to be proper in the District of Arizona. The Court finds that both parties' statements agreeing the Defendant currently resides in the Central District of California is sufficient to demonstrate that venue would be proper in that district. (Doc. 13 at 2; Doc. 18 at 9) Therefore, the Court finds that venue is improper in the District of Arizona, and the Motion must be granted.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss is **granted**, and the Clerk of Court shall **transfer** this case to the Central District of California.

Dated this 22nd day of May, 2019.

Honorable Steven P. Logan
United States District Judge